IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN S. WILLIAMSON and NANCY L.
WILLIAMSON,

        Petitioners/Claimants,

vs.                                                                                                                                                        No. CIV 03-570 JB/WDS

JACKIE SENA, AKA JACQULINE SENA,
CHRIS ROBINSON, FIDEL ATENCIO,
MIKE ATHERS, KENNY WYATT,
SHARON PARKER, K. L. DRAPER,
MICHAEL SILVA, RITA SERRANO,
RICK RYSER, HAROLD PETERSON,
ANTHONY MARTINEZ, RICHARD J. SIGLER,
JOANN MARES, MICHAEL B. DRURY,
JACK CHESKATY, AGENTS FOR INTERNATIONAL
MONETARY FUND INTERNAL REVENUE SERVICE,
DISTRICT DIRECTOR, SPECIAL PROCEDURES
FUNCTION OFFICER and THEIR PRINCIPAL,
GOVERNOR OF INTERNATIONAL MONETARY
FUND AKA SECRETARY OF THE TREASURY,
ONE RED FOUR DOOR JEEP CHEROKEE LICENSE #305 MLB
(NEW MEXICO), ONE GREY PONTIAC FIREBIRD LICENSE
#295 MZT (NEW MEXICO), ONE GREY FORD FOUR DOOR
LICENSE #813 MMR (NEW MEXICO),

        Respondents/Libelants.

## MEMORANDUM OPINION AND ORDER

        **THIS MATTER** comes before the Court on the Plaintiffs' Motion for Extension for Service, filed April 26, 2004 (Doc. 35). The issue is whether the Court should give the Plaintiffs an extension of time to serve the Defendant, Kenny Wyatt. Because the Plaintiffs do not present the Court with good cause why they have not served Wyatt, the Court will deny the motion for more time to effectuate service in this case. Further, because the Plaintiffs have not properly served the only

remaining Defendant[1] in this case, the Court will dismiss the case without prejudice for failure to properly serve and prosecute this case.

## BACKGROUND

The Plaintiffs originally served Wyatt. The Court quashed the earlier service because the Plaintiffs had improperly used a 20 day summons and had not served the United States Attorney for the District of New Mexico.

The Plaintiffs represent that they have hired professional process servers who specialize in finding hard to serve people. The Plaintiffs state that, to date, they have been unable to locate Wyatt. The Plaintiffs do not, however, allege any specific attempt to serve either the United States attorney or Wyatt. They also do not attach a declaration or affidavit supporting their allegation.

## PROCEDURAL BACKGROUND

The Plaintiffs move the Court for an extension of time in which to accomplish service of process upon Kenny Wyatt. The Plaintiffs did not contact, or serve this motion on, the attorney for the United States. Instead, the Plaintiffs sent copies to the Attorney General in Washington, D.C. The attorney for the United States handling this matter is in Dallas, Texas.

The Department of Justice lawyer in Dallas learned of this motion from the Court after the Plaintiffs filed it and while the Court was trying to set up a hearing on the motion. The attorney for the United States has confirmed with the Service Clerk and with Wyatt that neither is aware of any attempt at service since the Court issued its previous Order extending the time to serve Wyatt. See Order (Doc. 34). The United States, as the real party in interest, opposes the motion.

---

[1] The Court previously dismissed all of the Defendants except Wyatt because the Plaintiffs did not serve any other Defendant. See Order, filed March 30, 2004 (Doc. 34).

## ANALYSIS

There does not appear to be any dispute that a person using the name Wyatt exists. The Plaintiffs state that Wyatt appeared at their property with the other, former Defendants and exhibited a badge and indentification card bearing the name Kenny Wyatt. The Plaintiffs contend that they have had a hard time finding Wyatt.

The Plaintiffs have a theory why they cannot find Wyatt:

> The Internal Revenue Service allows it's [sic] employees to used [sic] names and encourages them to place their cars and other property in the names of spouses or other relatives in order to avoid having the public find them. They are encouraged to tell anyone who asks about their employment that they "work for the government."

Motion at 1. The Plaintiffs' allegations why they have not served Wyatt do not make sense given that they have previously served Wyatt in this case. The reason why the Court quashed the earlier service was not because the Plaintiffs could not find Wyatt.

To the best knowledge of the attorney for the United States, who is an officer of the Court, the Plaintiffs have not attempted service on either Wyatt or the Service Clerk at the United States Attorney's office since March 30, 2004. It would appear that the Plaintiffs have not made a diligent effort to serve and prosecute this case, and the problem is not that they cannot locate him. Accordingly, the Plaintiffs have not presented the Court with good cause why the Court should give them more time to effectuate service on Wyatt.

**IT IS ORDERED** that the Plaintiffs' motion for an extension to serve Kenny Wyatt is denied. It is further ordered that this case is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

John S. Williamson
Nancy L. Williamson
Tijeras, New Mexico

    *Pro se Plaintiffs*

David C. Iglesias
  United States Attorney
Albuquerque, New Mexico

– and –

Joseph A. Pitzinger
  Tax Division
  Department of Justice
Dallas, Texas

    *Attorneys for the United States*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

    *Attorneys for the Potential Intervenors*