IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN S. WILLIAMSON, and
NANCY L. WILLIAMSON,

      Petitioners/Claimants,

vs.                                                                                  No. CIV 03-0570 JB/WDS

JACKIE SENA, AKA JACQULINE SENA,
CHRIS ROBINSON, FIDEL ATENCIO,
MIKE ATHERS, KENNY WYATT,
SHARON PARKER, K. L. DRAPER,
MICHAEL SILVA, RITA SERRANO,
RICK RYSER, HAROLD PETERSON,
ANTHONY MARTINEZ, RICHARD J. SIGLER,
JOANN MARES, MICHAEL B. DRURY,
JACK CHESKATY, AGENTS FOR INTERNATIONAL
MONETARY FUND INTERNAL REVENUE SERVICE,
DISTRICT DIRECTOR, SPECIAL PROCEDURES
FUNCTION OFFICER and THEIR PRINCIPAL,
GOVERNOR OF INTERNATIONAL MONETARY
FUND AKA SECRETARY OF THE TREASURY,
ONE RED FOUR DOOR JEEP CHEROKEE LICENSE #305 MLB
(NEW MEXICO), ONE GREY PONTIAC FIREBIRD LICENSE
#295 MZT (NEW MEXICO), ONE GREY FORD FOUR DOOR
LICENSE #813 MMR (NEW MEXICO),

      Respondents/Libelants.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Plaintiffs' Petition for Default on Failure to Answer General Admiralty Rule 28, filed June 6, 2003 (Doc. 20), and on the Defendants' Motion to Dismiss and Opposition to Plaintiffs' Petition for Default and Brief, filed June 16, 2003 (Doc. 23). The primary issues are: (i) whether the Defendants have failed to answer pursuant to General

Admiralty Rule 28 such that the Court should enter default judgment against the Defendants; and, alternatively, (ii) whether the Plaintiffs have failed to properly serve each of the Defendants such that the Court should dismiss this case. The Court entered Orders disposing of these motions on March 30, 2004. Specifically, the Court denied the Plaintiffs' motion because of the Plaintiffs' failure to properly effect service on each of the Defendants, see Order, filed March 30, 2004 (Doc. 32), and granted in part and denied in part the Defendants' motion dismissing all but one of the Defendants, see Order, filed March 30, 2004 (Doc. 34). While the Court's previous Orders disposed of these motions, the Court now issues this opinion to more fully detail the rationale underlying the previous Orders.

## FACTUAL BACKGROUND

The Williamsons filed their complaint in this action on May 14, 2003. See Complaint of Involuntary Servitude and Peonage, filed May 14, 2003 (Doc. 1)("Complaint"). The Williamsons allege that the Defendants have filed, or caused to be filed, "Notice of Federal Tax Lien[s]" in the public record of the Bernalillo County Clerk's office absent verification, in violation of a number of rules, including rule 4(e) of the Federal Rules of Civil Procedure. The Williamsons contend that these Notices do not state that these liens attach to any particular piece of property -- real, personal, or otherwise. The Williamsons contend that these liens are against them and not against the property seized.

The Williamsons allege that this action denied them procedural due process. The Williamsons also allege that contractors' liens against the sold property, filed with the Bernalillo County Clerk, are senior liens against the property and that any claim by the Defendants that their lien attaches to the real estate is undocumented.

The Williamsons also allege that, on June 3, 2002, at 1:00 p.m., the Defendants conducted a sale of property without a court order, in violation of 28 U.S.C. § 2463 and 26 U.S.C. § 7401. Defendant Fidel Atencio allegedly stated to those present that an IRS deed discharges all junior liens. Atencio asked for bids and received bids on the property that is the subject of this action. Atencio allegedly stated that his authority was pursuant to 26 U.S.C. § 6331. The Williamsons contend that the property was subject only to the orders of a court having jurisdiction over the property.

Atencio allegedly declared bidder # 4 to be the buyer at $77,000.00 and stated that, if he were to default, then the sale reverts to bidder #2 at $76,000.00. Atencio's paperwork confirmed that the Plaintiffs' title and interest were being sold; the Williamsons contend that Atencio did not have any of the Williamsons' title or interest to sell. Both bidders were advised of this lawsuit.

The Williamsons contend that this case is before the Court in General Admiralty. The Williamsons contend that they appear specially and argue that the time for the Defendants to answer has, under General Admiralty 28, expired.

## PROCEDURAL BACKGROUND

The Williamsons personally served one copy of the Complaint and numerous summons -- one for each named individual Defendant -- on Defendant Kenny Wyatt. Each summons recited the person named on the summons has 20 days to respond to the Complaint. The Williamsons have not attempted service on the United States or the Attorney General.

The United States, as the real party in interest, and individually named Defendants, in their official capacity as officers and employees of the United States (collectively the "Defendants"), move the Court to dismiss the Complaint for insufficient service and insufficient service of process.

# LEGAL ANALYSIS

## I. THE REAL PARTY IN INTEREST IS THE UNITED STATES.

The Williamsons deny they are suing the United States. Regardless whether the United States is named as a party in a complaint, a suit is considered one against the United States or its officers and employees in their official capacity "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, . . . or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." Dugan v. Rank, 372 U.S. 609, 620 (1963)(internal quotation marks and citations omitted). See Aviles v. Lutz, 887 F.2d 1046, 1048 (10th Cir. 1989); Ayres v. United States, 1998 WL 723155, *2 (D. Colo.)(holding that the International Monetary Fund was not a party and the real party in interest was the United States).

In their Complaint, the Plaintiffs list the fifteen defendants as International Monetary Fund agents. The Complaint seeks the return of all property that the Defendants allegedly took, the removal of all federal tax liens, and either an injunction against future tax liens or a declaration that the Plaintiffs are not subject to federal taxes. See Complaint. The Defendants assert that the relief the Plaintiffs seek would both restrain the IRS from acting and compel it to act.

Although the Complaint does not seek damages, it does seek the return of property. 26 U.S.C. § 7422(f) states that suits for the recovery of tax may be maintained only against the United States. See 26 U.S.C. § 7422(f)("A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative."). The Court finds that the United States is the real party in interest in this action.

## II. THE PLAINTIFFS HAVE NOT EFFECTED SERVICE AGAINST EACH OF THE DEFENDANTS.

This Court lacks personal jurisdiction where the defendant has not been properly served with process in accordance with rule 4 of the Federal Rules of Civil Procedure. The Plaintiffs carry the burden of demonstrating that personal jurisdiction exists. See Behagen v. Amateur Basketball Ass'n of the United States, 744 F.2d 731, 733 (10th Cir. 1984), cert. denied, 471 U.S. 1010 (1985).

Rule 4(i) of the Federal Rules of Civil Procedure provides the rules for service upon the "United States, its agencies, corporations, officers or employees." The plaintiff must serve the United States by mailing a copy of the complaint by registered or certified mail to the Attorney General and by delivering the process to the local United States Attorney's office. See Relf v. Gasch, 511 F.2d 804, 807 n.17 (D.C. Cir. 1975); Hodge v. Rostker, 501 F. Supp. 332, 333 (D.D.C. 1980). Also, where a complaint seeks relief from an order of an agency of the United States, a plaintiff must send a copy of the summons and complaint by registered or certified mail to such agency. See Fed. R. Civ. P. 4(i)(2).

Even service which succeeds in providing a defendant with actual notice of a lawsuit, but fails to satisfy rule 4's technical requirements, will not permit a court to render a personal judgment against the defendant absent a waiver of the defective service. See Friedman v. Estate of Presser, 929 F.2d 1151, 1155-56 (6th Cir. 1991) and cases cited therein; Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991).

The Plaintiffs provided a copy of the complaint to the Internal Revenue Servce on May 16, 2003, by giving a copy to Wyatt. There is no evidence, however, that the Plaintiffs have served the Attorney General and the local United States Attorney. Absent proper service, this Court lacks

personal jurisdiction over the Defendants or the United States. See Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980); Relf v. Gasch, 511 F.2d at 808; McCartney v. Hoover, 151 F.2d 694, 694 (7th Cir. 1945); Green v. Laird, 357 F. Supp. 227, 229-30 (N.D. Ill. 1973).

Rule 4(m) requires the plaintiff to serve a copy of the summons and complaint on the defendant within 120 days after the plaintiff files the complaint. The Plaintiffs here filed their Complaint on May 14, 2003. The 120 day period for effecting service of process ended on September 12, 2003. In its March 30, 2004 Order, this Court determined that the only Defendant that the Plaintiffs actually served was Wyatt. The Court dismissed all Defendants other than Wyatt at that time. See Order at 2 (Doc. 34).

The United States, as the real party in interest, and the Defendants sued in their individual capacities as officers or employees of the United States, are entitled to service as rule 4(i) provides. Rule 4(i), as noted above, requires service, in a specified manner, on the United States Attorney, the Attorney General, and the individual employee or officer. See Fed. R. Civ. P. 4(i). The Court does not see evidence that the Plaintiffs here followed these procedures.

Even if this were a suit against the officers and employees of the United States in their individual capacities, which it is not, the rules would still require the Plaintiffs to serve the United States in the same manner as if they were suing the individuals in their official capacity. In addition, the rules would require them to serve the individuals as provided in rule 4(e), (f), or (g). It appears to the Court that the Plaintiffs have not attempted service on any of the named individuals except Wyatt. Wyatt, at his office at the Internal Revenue Service in Albuquerque, New Mexico, personally accepted a box from an individual. In that box were fifteen summonses with the names of the individual Defendants and one copy of the Complaint. The summonses stated that the named

Defendants had twenty days to respond.

The Court does not believe that the Plaintiffs have met rule 4(i)'s requirements with respect to the United States or to the individual Defendants other than Wyatt. The Court believes that the Plaintiffs may have personally served Wyatt in some capacity in accordance with rule 4(i). The Court, therefore, as stated in its earlier Order, finds it is appropriate to dismiss all of the named individual Defendants other than Wyatt. See Order at 2 (Doc. 34).

### III.    THE DEFENDANTS ARE ENTITLED TO 60 DAYS TO ANSWER AFTER SERVICE OF PROCESS IS EFFECTED.

Once properly served, the Defendants are entitled to serve an answer within 60 days after the United States Attorney is served. If the Plaintiffs are suing the United States or its employees in their official capacity, the answer must be filed within 60 days after service on the United States Attorney. See Fed. R. Civ. P. 12(a)(3)(A). If the Plaintiffs are suing the employees and officers individually, such employees would have to the later of 60 days after service on the officer or employee or 60 days after service on the United States Attorney. See Fed. R. Civ. P. 12(a)(3)(B). The summonses improperly state that the Defendants have twenty days to file an answer.

Because Wyatt is the only Defendant against whom the Plaintiffs may have effectuated service of process in any capacity, the Court is only concerned at this point with the summons issued to Wyatt. The Court, therefore, as stated in its previous Order, finds it appropriate to quash the service effected as to Wyatt and extend the time for properly effecting service as to Wyatt an additional thirty days from March 30, 2004, the date the Order was filed. See Order at 2 (Doc. 34).

### IV.    THE COURT WILL NOT ENTER DEFAULT JUDGMENT AGAINST THE DEFENDANTS.

The Court has found that the Plaintiffs have not properly served any of the Defendants, and

has dismissed all but one of the individual Defendants. As to that Defendant, the Court has extended the time for effectuating proper service of process. Thus, the Court believes that any failure on the part of the Defendants to timely answer the Plaintiffs' Complaint is attributable to the Plaintiffs failure to serve the Defendants. The Court will not, therefore, as it previously stated in its Order, enter default judgment against the Defendants. See Order at 2 (Doc. 32).

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

John S. Williamson
Nancy L. Williamson
Tijeras, New Mexico

    *Pro se Plaintiffs*

David C. Iglesias
  United States Attorney
Albuquerque, New Mexico

– and –

Joseph A. Pitzinger
  Tax Division
  Department of Justice
Dallas, Texas

    *Attorneys for the United States*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

    *Attorneys for the Potential Intervenors*